UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**MARIA GALLAGHER, Individually,**

   **Plaintiff,**

vs.        Case No.:

**SOUTH PACIFIC ENTERPRISES, LP, a
Florida Limited Partnership d/b/a Royal Inn
of Royal Palm Beach,**

   **Defendants.**

_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, MARIA GALLAGHER, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SOUTH PACIFIC ENTERPRISES, LP, a Florida Limited Partnership d/b/a Royal Inn of Royal Palm Beach (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Maria Gallagher, is an individual residing at 2886 Fernley Drive E, Unit 61, West Palm Beach, FL 33415.

2. Defendant, South Pacific Enterprises, Limited Partnership owns the property located at 675 Royal Palm Beach Boulevard, Royal Palm Beach, FL 33411, in the County of Palm Beach.

3. Venue is properly located in the Southern District of Florida because venue lies in the

judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Maria Gallagher is a resident of West Palm Beach, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Because of the condition of her hip, chronic night trochanteric bursitis, she gets around when going short distances, by the use of a walker or a cane; while going longer distances, she gets around through the use of a wheelchair. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein.

6. Ms. Gallagher has stayed at the subject hotel on January 21 through January 22, 2019. She plans to return to the subject hotel in the near future, once it is made accessible.

7. Defendant owns, leases (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases, or leases to is known as Royal Inn, and is located at 675 Royal Palm Beach Boulevard, Royal Palm Beach, FL 33411.

8. Maria Gallagher has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint.

Ms. Gallagher has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Maria Gallagher desires to visit the Royal Inn of Royal Palm Beach not only to avail herself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Royal Inn of Royal Palm Beach has shown that violations exist. These violations, which were personally encountered or observed by Plaintiff Maria Gallagher include, but are not limited to:

## Parking

a) The plaintiff had difficulty locating accessible parking stalls due to the identifications signs being mounted below 60 inches above the ground. In violation of section 502.6 in the 2010 ADA Standards, whose resolution is readily achievable.

b) The plaintiff had difficulty utilizing the accessible parking stall because it is missing the international symbol of accessibility marking on the ground and needs to be maintained. In violation of 36.211 in the CFR, whose resolution is readily achievable.

c) The plaintiff had difficulty traversing from the accessible parking stall to the walkway due to the slope of the parking stall exceeded 2% in any direction. In violation of section 502.4 in the 2010 ADA Standards, whose resolution is readily achievable.

d) The plaintiff had difficulty traversing the parking stall because of the uneven surface change in level greater than a ¼ inch. In violation of section 502.4 in the 2010 ADA Standards, whose resolution is readily achievable.

e) The plaintiff had trouble entering and exiting the vehicle because an access aisle was not provided. In violation of section 502.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Route

f) The plaintiff had a hard time traversing to building 11851 due to uneven surfaces, non-compliant ramps, and changes of level on the accessible route. In violation of 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

g) The plaintiff had difficulty traversing the facility due to site arrivals point not providing accessible routes to the entrances they serve. In violation of section 206.2.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Common Area

h) The plaintiff had difficulty using the computer in the lobby because the computer case under the desk obstructed the width of the knee and toe clearance. In violation of sections 306.1, 306.2.5, 306.3.5 in the 2010 ADA Standards, whose resolution is readily achievable.

i) The plaintiff had difficulty reaching the coffee cups, creamer and sugar due to the placement being out of compliant reach range. In violation of section 308.2.2 in the 2010 ADA Standards, whose resolution is readily achievable.

j) The plaintiff had to use caution when entering the lobby because the floor mat is not secure to the floor. In violation of section 302.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Guest Rooms

k) The plaintiff had difficulty using the peep hole on the door because an additional lowered peep hole was not provided. In violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

l) The plaintiff had difficulty getting into the accessible room due to the door threshold being greater the ¼ inch vertical in height. In violation of 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable.

m) The plaintiff had difficulty utilizing the sink due to the bed obstructing the clear width on the accessible route. In violation of 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

n) The plaintiff had difficulty utilizing the bathtub controls because they are not located in the right location. In violation of section 607.5 of the 2010 ADA Standards, whose resolution is readily achievable.

o) The plaintiff had difficulty using the bathtub because there is no tub seat provided. In violation of section 607.3 of the 2010 ADA Standards, whose resolution is readily achievable.

p) The plaintiff had to use caution when using the lavatory because the pipes were not properly insulated. In violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

q) The plaintiff had difficulty utilizing the rear wall grab bar because it does not provide the minimum of 1 ½ inch clearance between the tank of the water closet and grab bar. In violation of sections 505.5 and 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

r) The plaintiff had difficulty getting a towel off the rack because the clear floor space is obstructed by the water closet for a front approach and it is mounted too high above the floor to reach. In violation of sections 305.7.1 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

s) The plaintiff had trouble sitting at the table because it did not provide toe clearance. In violation of section 306.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

t) The plaintiff had difficulty using the coat hooks because they were mounted too high above the finished floor. In violation of section 604.8.3 in the 2010 ADA Standards, whose resolution is readily achievable.

u) The plaintiff had difficulty utilizing the tub due to the tub missing a grab bar as required. In violation of section 607.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v) The plaintiff had difficulty using the lavatory by the bed because it did not provide knee clearance as required. In violation of section 306.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

w) The plaintiff had difficulty utilizing the lavatory by the bed because it did not provide 30 inches by 48 inches minimum of clear floor space for an approach as required. In violation of section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Maintenance

    x) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facility, and have otherwise been discriminated against and damaged by the Defendant's because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation

of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's

    facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.  Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.  Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Royal Inn of Royal Palm Beach to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

  a.  The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

  b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully Submitted,

John P. Fuller, Esq., FL Bar No. 276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: jpf@fullerfuller.com

*Counsel for Plaintiff, Maria Gallagher*